# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY NELLIS, JANEL DRANES, AND LUCY SOUSA, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIVID SEATS LTD., an Illinois corporation, and VIVID SEATS LLC, a Delaware Corporation,<br><br>Defendants. | Case No. 1:20-cv-02486<br><br>Judge Robert M. Dow Jr. |

## JOINT STATUS REPORT

Plaintiffs Timothy Nellis, Janel Dranes and Lucy Sousa ("Plaintiffs") and Defendant Vivid Seats LLC ("Defendant" or "Vivid Seats," and together with Plaintiffs, the "Parties") submit the following Joint Status Report pursuant to the Court's Standing Order Regarding Initial Status Reports and the Court's April 23, 2020 Minute Order (Dkt. 5) and state as follows:[1]

**A.    Attorneys Of Record**

| Counsel for Plaintiffs | Counsel for Vivid Seats |
|---|---|
| Steven D. Liddle | Mark S. Mester |
| Nicholas A. Coulson | Robert C. Collins III |
| LIDDLE & DUBIN, P.C. | Dylan Glenn |
| 975 East Jefferson Avenue | LATHAM & WATKINS LLP |
| Detroit, Michigan 48207 | 330 North Wabash Avenue, Suite 2800 |
| Telephone: (313) 392-0015 | Chicago, Illinois 60611 |
| Facsimile: (313) 392-0025 | Telephone: (312) 876-7700 |
| Email: sliddle@ldclassaction.com | Facsimile: (312) 993-9767 |
| ncoulson@ldclassaction.com | Email: mark.mester@lw.com |
| | robert.collins@lw.com |
| | dylan.glenn@lw.com |

---

[1] Plaintiffs have sued Vivid Seats LLC as well as "Vivid Seats LTD." See Compl. (Dkt. 1) ¶ 14. Vivid Seats LTD., however, was previously consolidated into Vivid Seats LLC in 2016 and does not exist.

### B.  Nature of the Claims

#### 1.  Plaintiffs' Position

Plaintiffs used Defendant's online marketplace to purchase event tickets offered for sale by third parties.  For providing such a service, Defendant charges a fee to both buyer and seller.  An essential feature of the service is an oft-repeated and heavily marketed guarantee that if the event in question is cancelled, a refund will be issued.  By its own admission (including herein) Defendant has attempted to skirt that refund guarantee by providing customers with expiring credits instead.  Rather than challenging the allegations at the heart of the lawsuit, Defendant asserts that it should be protected by forcing these claims into binding arbitration.  But as Plaintiffs will demonstrate in response to any effort to require them to arbitrate their claims, Defendant's website is so constructed as to utterly fail to put its users on notice that they are purportedly surrendering their right to go to court.  Under the relevant law, this means that there is no contract under which Plaintiffs can be said to have agreed to arbitrate their plainly meritorious claims, and those claims should continue in this Court.  The overwhelmingly similar, indeed functionally identical, treatment of Plaintiffs and the Class make this case ideally suited for class certification under Fed. R. Civ. P. 23.

#### 2.  Vivid Seats' Position

Vivid Seats is an online marketplace through which Plaintiffs allege to have purchased tickets to events held by third parties.  Plaintiffs assert claims that Vivid Seats failed to properly refund their ticket purchases when events were canceled by third parties as a result of the global COVID-19 pandemic.  But when Plaintiffs purchased their tickets, they expressly agreed, <u>inter alia</u>, that "any and all disputes, controversies, or claims arising out of or relating to . . . any tickets or other items sold or purchased through this site shall be resolved exclusively through final and binding arbitration rather than in court."  Vivid Seats Terms of Use, <u>https://www.</u>

vividseats.com/terms.html. Moreover, Plaintiffs agreed that any disputes as to whether Plaintiffs' claims are subject to arbitration shall be resolved by the arbitrator and not the Court. See id. Plaintiffs also expressly agreed to arbitrate their claims on a non-class basis. See id.

Notwithstanding their express agreement to arbitrate and the strong federal policy in favor of arbitration, Plaintiffs now refuse to submit their claims to arbitration on a non-class basis. Vivid Seats therefore intends to move to compel arbitration and to dismiss this action.

Should Plaintiffs' claims nonetheless proceed before this Court, Vivid Seats intends to show that the claims lack merit and are not amenable to class treatment. Notwithstanding the fact that the events at issue were canceled by third parties in light of the global COVID-19 pandemic, Vivid Seats has fully refunded the purchase price of tickets and/or offered a 110% credit toward the purchase of event tickets along with an additional donation to charity equaling 10% of the ticket price, including for the purchases made by Plaintiffs. Thus, contrary to Plaintiffs' assertions, Vivid Seats does contest Plaintiffs' claims and makes no admissions regarding those claims. Neither Plaintiffs nor the members of the proposed class have been injured, and regardless, determining causation and injury would require numerous individual inquiries that make class treatment utterly inappropriate here.

**C.    Service Of Process**

Vivid Seats, the sole Defendant, waived service of process on May 29, 2020. See Dkt. __.

**D.    Principal Legal And Factual Issues**

The Parties expect the principal legal and factual issues in this case will include the following: (a) whether Plaintiffs' claims are subject to arbitration; (b) whether the proposed class can be certified under Rule 23; (c) whether Vivid Seats breached its agreement with ticket purchasers or otherwise violated state consumer protection laws; (d) whether Plaintiffs or other

members of the proposed class are entitled to refunds and, if so, whether credits provided by Vivid Seats to any Plaintiffs and/or proposed class members constitute refunds; (e) whether Plaintiffs and/or proposed class members already agreed to and/or accepted a refund; and (f) whether Plaintiffs and the putative class are entitled to relief.

**E.      Jury Demand, Trial And Magistrate Judge**

Plaintiffs have made a jury demand. The Parties have not ascertained a date for trial and acknowledge that doing so would be premature at this time. The Parties do not at this time unanimously consent to proceed before a Magistrate Judge.

**F.      Discovery**

No discovery has occurred to date. The Parties agree that in the interests of judicial economy and efficiency, discovery should be stayed until after the Court has ruled on Vivid Seats' forthcoming motion to compel arbitration and determined the appropriate forum for this case. The Parties further agree that if the Court denies the motion to compel arbitration such that the action proceeds in this Court, discovery should focus on the issue of class certification and whether any of Plaintiffs' claims are properly amenable to class treatment.

**G.      Settlement Discussion And Settlement Conference**

No settlement discussions have occurred to date, and at least one party does not believe a settlement is possible before the Court rules on the forthcoming motion to compel arbitration. The Parties, however, remain open to the possibility of settlement.

**H.      Pending And Anticipated Motions**

No motions are currently pending before the Court. On May 29, 2020, however, Plaintiffs filed a motion with the United States Judicial Panel on Multidistrict Litigation to transfer this and other cases to multidistrict litigation for coordinated or consolidated pretrial proceedings. See Motion for Transfer of Actions to Northern District of Illinois Pursuant to 28

USC § 1407 for Coordinated Pretrial Proceedings (Dkt. 1), <u>In re Secondary Ticket Market Refund Litigation</u>, MDL No. 2951 (J.P.M.L. May 29, 2020). Vivid Seats intends to oppose the motion to transfer.

In addition, as discussed above, Vivid Seats intends to file a motion to compel arbitration and to dismiss this case. <u>See</u> disc. <u>supra</u> at 2. In the interests of judicial economy and efficiency, the Parties jointly request that the Court stagger briefing so that the Court first considers the motion to compel arbitration before briefing on any other motion to dismiss. Under the Parties' proposed schedule, Vivid Seats will file its motion to compel arbitration within sixty days after the request to waive service was sent (<u>i.e.</u>, by July 13, 2020). Plaintiffs will file any response brief to Vivid Seats' forthcoming motion within thirty days of the filing of that motion, and Vivid Seats will file any reply brief within twenty-one days of the filing of any response brief. In the event the Court does not grant Vivid Seats' forthcoming motion to compel arbitration, the Parties respectfully request that the Court set a briefing schedule on any other motion to dismiss (e.g., under Rule 12(b)(6)) at that time.

| | |
|---|---|
| Dated: June 5, 2020 | Respectfully submitted, |
| | /s/ Nicholas A. Coulson |
| | Nicholas A. Coulson, One of the attorneys for Plaintiffs Timothy Nellis, Janel Dranes and Lucy Sousa |

Steven D. Liddle
Nicholas A. Coulson
LIDDLE & DUBIN, P.C.
975 East Jefferson Avenue
Detroit, Michigan 48207
Telephone: (313) 392-0015
Facsimile: (313) 392-0025
Email: sliddle@ldclassaction.com
ncoulson@ldclassaction.com

                                                                       /s/ *Robert C. Collins III* (with consent)
                                                                       Robert C. Collins III, One of the attorneys for
                                                                       Defendant Vivid Seats LLC

Mark S. Mester (Illinois Bar No. 6196140)
Robert C. Collins III (Illinois Bar No. 6304674)
Dylan Glenn (Illinois Bar No. 6326952)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Email:  mark.mester@lw.com
           robert.collins@lw.com
           dylan.glenn@lw.com