**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY NELLIS, JANEL DRANES, LUCY SOUSA, DAVID CASTILLO and EDWARD CAMARENA, on behalf of themselves and all other similarly situated, | ) ) ) ) | |
| | ) | Case No. 20-cv-2486 |
| Plaintiffs, | ) ) | Judge Robert M. Dow Jr. |
| v. | ) ) ) | |
| VIVID SEATS LLC, a Delaware Corporation, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT,
AWARD OF ATTORNEYS' FEES AND EXPENSES AND NAMED PLAINTIFF
SERVICE AWARDS, AND ENTERING FINAL ORDER AND JUDGMENT**

Plaintiffs Timothy Nellis, Janel Dranes, Lucy Sousa, David Castillo and Edward Camarena (collectively, "Plaintiffs") and Defendant Vivid Seats LLC ("Vivid Seats" or "Defendant") entered into a Class Action Settlement Agreement ("Settlement Agreement") on or about March 3, 2021 on behalf of themselves and the Settlement Class.[1]  The Court held a preliminary approval hearing on March 18, 2021, and on April 1, 2021, the Court granted preliminary approval of the Settlement, provisionally approving certification of a class for settlement.  See Order Granting Preliminary Approval of Class Action Settlement (Dkt. 61) ("Preliminary Approval Order").

On October 27, 2021, the Court held a Final Approval Hearing on (1) Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 78) and (2) Plaintiffs' Motion for Award of

---

[1] Unless defined differently herein, this Final Order and Judgment incorporates the definitions in the Settlement Agreement and the Court's July 15, 2021 Order (Dkt. 70).  The Settlement Agreement is adopted by the Court and made part of this Final Order and Judgment as if set out in full herein.  See Settlement Agreement (Dkt. 46-2).  In the event of any inconsistency between the Settlement Agreement or the Court's July 15, 2021 Order and a term defined differently herein, the definition herein shall apply.

Attorneys' Fees and Expenses and Incentive Awards from Class Settlement Fund (Dkt. 62). The Court heard argument from the parties. Through the briefs, exhibits and argument at the Final Approval Hearing, the Court has thoroughly examined and considered the Settlement and Settlement Agreement and the requests for Attorneys' Fees and Expenses and Service Awards.[2]

Having reviewed the motions and all related pleadings and filings and having also heard the evidence and argument presented at the Final Approval Hearing, which are incorporated herein by reference, THE COURT HEREBY FINDS, CONCLUDES AND ORDERS THE FOLLOWING:

## I. FINAL ORDER AND JUDGMENT

### A. Certification Of The Settlement Class

1. The Court certifies, for settlement purposes only, the following class (hereinafter and for purposes of this Final Order and Judgment, the "Settlement Class"):

> All Persons residing in the United States, its territories or Canada who at any time on or before the Preliminary Approval Date purchased a ticket through Vivid Seats to an event that subsequently became a Cancelled Event, a Postponed Event and/or a Rescheduled Event.

> Specifically excluded are the following Persons:

> (i) Vivid Seats and its subsidiaries and affiliates, employees, officers, directors, agents and representatives;

> (ii) Class Counsel;

> (iii) The judges who have presided over the Litigation; and

---

[2] Three Settlement Class Members filed individual objections to only the Settlement and not the award of Attorneys' Fees and Expenses and Service Awards; one Settlement Class Member filed an objection to both the Settlement and the award of Attorneys' Fees and Expenses and Service Awards; and one Settlement Class Member filed an objection to only the Attorneys' Fees and Expenses and Service Awards. See Response of Vivid Seats LLC to Objections of Settlement Class Members (Dkt. 83); Plaintiffs' Response to Class Action Settlement Objections (Dkt. 80).

(iv)  All Persons who have timely elected to become Opt Outs from the Settlement Class in accordance with the Court's orders.

2.  For the reasons stated in its Preliminary Approval Order and as summarized below, the Court finds that the Settlement Class meets the requirements of Rule 23 for certification for settlement purposes:

a.  Rule 23(a)(1) Numerosity:  The Settlement Class is too numerous to practicably join all members, because it includes over 900,000 customers that have not already settled and/or released their claims.

b.  Rule 23(a)(2) Commonality:  Resolution of this litigation would depend on common answers to common questions, such as which ticketed events have been cancelled, postponed or rescheduled and whether Vivid Seats knew or should have known it could not honor any promise to provide cash payments equal to the prices of tickets in the event of circumstances like the COVID-19 pandemic.

c.  Rule 23(a)(3) Typicality:  Plaintiffs' claims are typical of the members of the Settlement Class because they challenge the same conduct—Vivid Seats' alleged failure to provide cash payments equal to the prices of tickets to Cancelled Events, Postponed Events and Rescheduled Events—and make the same legal arguments.

d.  Rule 23(a)(4) Adequacy:  Both Plaintiffs and Class Counsel have adequately represented the Settlement Class throughout the Litigation and for the purposes of entering into and implementing the Settlement.

e.  Rule 23(b)(3) Predominance:  At least for purposes of settlement, common issues in the Litigation predominate over individual issues under Rule 23(b)(3).  Key elements of Plaintiffs' claims are the purchase of a ticket to a

Cancelled Event, Postponed Event or Rescheduled Event through Vivid Seats and the alleged failure on the part of Vivid Seats to provide a cash payment equal to the price of those tickets.

        f.      Rule 23(b)(3) Superiority:  A class action is superior to many individual actions.  Members of the proposed Settlement Class individually purchased a small number of individual tickets and may not have suffered sufficient damages to justify the costs of litigation.  The Settlement ensures that all Settlement Class Members will have the opportunity to be compensated through a Credit or cash payment.

3.      The Court hereby appoints Plaintiffs as representatives of the Settlement Class.  The Court hereby appoints Steven D. Liddle, Esq. and Nicholas A. Coulson, Esq. of Liddle Sheets Coulson P.C. as Class Counsel for the Settlement Class.

## B.    Notice

4.      The Court affirms the appointment of Angeion Group ("Angeion") as Settlement Administrator.

5.      In accordance with the Settlement Agreement and Preliminary Approval Order, the Settlement Administrator launched the Settlement Webpage on April 15, 2021.  See Decl. of Brittany M. Cudworth (Dkt. 75) ¶ 18.

6.      Following Preliminary Approval, Vivid Seats provided Angeion with spreadsheets containing the names, addresses and transactional details for the 943,176 Settlement Class Members.  See Decl. of Brittany M. Cudworth (Dkt. 75) ¶ 3.  The spreadsheets also included 934,566 email addresses for the 943,176 Settlement Class Members after duplicates and invalid email addresses were removed.  See *id*. ¶¶ 9, 14.

7.      Pursuant to the terms of the Settlement Agreement, the Preliminary Approval Order and the Court's July 15, 2021 Order (Dkt. 70), Angeion sent the Court-approved Mailed Notice to all 943,176 Settlement Class Members by the Notice Date or Supplemental Notice Date, as applicable. See Decl. of Brittany M. Cudworth (Dkt. 75) ¶¶ 5-6. After 59,234 Mailed Notices were returned to Angeion as undeliverable, Angeion successfully re-mailed 32,341 of these undeliverable Mailed Notices for which it could identify new addresses through skip tracing, meaning Mailed Notice was successfully sent to approximately 97% of the Settlement Class. See *id*. ¶ 8.

8.      Pursuant to the terms of the Settlement Agreement, the Preliminary Approval Order and the Court's July 15, 2021 Order (Dkt. 70), Angeion sent the Court-approved Emailed Notice to all 934,566 unique and valid email addresses of Settlement Class Members by the Notice Date or Supplemental Notice Date, as applicable. See Decl. of Brittany M. Cudworth (Dkt. 75) ¶¶ 11, 14. Only 9,940 Emailed Notices were unable to be delivered, meaning Emailed Notice was successfully sent to approximately 98% of Settlement Class Members in addition to Mailed Notice. See *id*. at ¶ 9. Angeion also sent a second Emailed Notice to 20,837 Settlement Class Members who may have experienced a technical error when using the Settlement Website to file a Claim. See *id*. ¶ 12. The second Emailed Notice notified these Settlement Class Members of the technical error and its resolution. See *id*. Only 269 of these second Emailed Notices were unable to be delivered. See *id*. ¶ 13.

9.      Direct notice was therefore sent to at least 97% of Settlement Class Members.

10.     No Settlement Class Member has filed an objection to the Notice Program.

11.     The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the

circumstances to apprise members of the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Final Approval Hearing and of their right to seek relief; (c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law.

12.     The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

13.     The Court also finds that notice to appropriate federal and state officials pursuant to the federal Class Action Fairness Act has been timely sent and that such notice fully satisfies the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1715.  See Decl. of Brittany M. Cudworth (Dkt. 75) ¶ 29.

### C.     Final Approval Of Settlement

14.     At the Final Approval Hearing held on October 27, 2021, the Court fulfilled its dutiesto independently evaluate the fairness, reasonableness and adequacy of the Settlement and the notice provided to Settlement Class Members, considering the pleadings and argument of the parties and their counsel and the interests of all absent members of the Settlement Class.  After thoroughly considering the briefing and arguments of the Parties and objectors and considering the factors required by Rule 23 and the Seventh Circuit, this Court concludes that this Settlement is fair, reasonable, and adequate, and grants final approval to the Settlement.

15.     In addition to the relief outlined in the Settlement Agreement itself, the Parties have agreed to supplement the Settlement with certain additional relief for Settlement Class Members who reside in California, as set forth in Paragraph 23 below.  Vivid Seats agreed to extend this additional relief as part of the Settlement only in light of concerns raised by government officials

in California under the California Business and Professions Code section 22500, *et seq.* Importantly, the relief outlined in Paragraph 23 below is in addition to, and does not detract from, the relief already outlined in the Settlement Agreement. This additional relief is hereby incorporated into the Settlement and Settlement Agreement as if fully stated therein.

16. After thoroughly considering the briefing and arguments of the parties and considering the factors required by Rule 23 and the Seventh Circuit, this Court concludes that this Settlement is fair, reasonable, and adequate, consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties, and the Court grants final approval to the Settlement.

17. Specifically, the Court determines that (a) the Plaintiffs and Class Counsel have adequately protected the Settlement Class; (b) the Settlement was negotiated at arm's length; (c) the relief to the Settlement Class is adequate, taking into account: (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (iii) the terms of the proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure; and (d) the Settlement treats Settlement Class Members equitably relative to each other because, with the exception noted below, all Settlement Class Members who hold tickets to Cancelled Events are entitled to the same relief while all Settlement Class Members who hold tickets to Postponed Events or Rescheduled Events are entitled to the same relief. While Settlement Class Members who resided in the State of California when they purchased tickets to yet-to-occur Postponed Events or Rescheduled Events that are not yet cancelled are all entitled to additional monetary relief (and equally so), and all Settlement Class Members who resided in the State of California are entitled to

additional injunctive relief, as set forth in Paragraph 23 below, such additional relief to these Settlement Class Members is justified given their unique claim under California Business and Professions Code section 22500, *et seq.* Accordingly, the Court finds the Settlement to be fair, reasonable, and adequate. The Court expressly finds that the Settlement is the result of extended, arm's-length negotiations among experienced counsel, including with the aid of respected class action mediator Judge Wayne Andersen (Ret.), and is non-collusive.

18. The parties have represented that no agreements exist between the Parties aside from those referred to in the Settlement or otherwise submitted to the Court.

19. All timely objections filed by members of the Class have been fully considered by the Court and are overruled.

20. The Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate and in the best interest of the Settlement Class.

### D. Implementation Of Settlement And Injunctive Relief For Settlement Class Members

21. The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

22. The Court further directs Vivid Seats to provide Settlement Class Members with the benefits described in Section IV of the Settlement.

23. The Court further directs Vivid Seats in conjunction with the Settlement Administrator to provide the following additional relief to Settlement Class Members who purchased and hold a ticket(s) to a yet-to-occur Postponed Event(s) or Rescheduled Event(s) that is not yet cancelled and resided in the State of California at the time when they purchased a ticket(s) to a Postponed Event(s) or Rescheduled Event(s) ("California Postponed and Rescheduled Event Ticket Holders"):

a. Vivid Seats shall provide the option for California Postponed and Rescheduled Event Ticket Holders to:

i. Retain their ticket(s) to the Postponed Event(s) or Rescheduled Event(s); or

ii. Request a cash payment equal to the Purchase Price of the ticket(s) to the Postponed Event(s) or Rescheduled Event(s), less any sums already paid to the California Postponed and Rescheduled Event Ticket Holder or spent in Credit by the California Postponed and Rescheduled Event Ticket Holder. In order to be eligible to receive this cash payment, the California Postponed and Rescheduled Event Ticket Holder must submit to the Settlement Administrator a completed and signed request for cash payment (in substantially the same form as the form attached to Plaintiffs' Motion for Final Approval of Class Action Settlement) ("California Request for Cash Payment Form") within 60 days of the issuance of the emailed notice outlined in Paragraph 23(b) below. The Settlement Administrator shall forward such California Request for Cash Payment Forms to Vivid Seats for verification. To be entitled to a cash payment, however, the California Postponed and Rescheduled Event Ticket Holder must return the valid ticket(s) to the yet-to-occur Postponed Event or Rescheduled Event to Vivid Seats within 60 days of the issuance of the notice outlined in Paragraph 23(b) below and relinquish ownership of the ticket(s). A Settlement Class Member who claims this cash payment shall relinquish and no longer be entitled to any Credit from Vivid Seats toward the purchase of tickets to events through Vivid Seats or to any other relief under the Settlement Agreement.

b. The additional relief set forth in Paragraph 23(a) will be publicized by the Settlement Administrator on the Settlement Website. The Settlement Administrator will also notify members of the Settlement Class who are eligible for the relief under Paragraph 23(a) above

via emailed notice (in substantially the same form as the email attached to Plaintiffs' Motion for Final Approval of Class Action Settlement) within 45 days following the entry of this Order. Members of the Settlement Class eligible for relief under Paragraph 23(a) who previously affirmatively opted out of the Settlement will also be provided with emailed notice and an opportunity to opt-in to the relief set forth above. All costs incurred by the Settlement Administrator to provide the notice set forth in this paragraph and to administer the relief set forth in Paragraph 23(a) above shall be paid out of the Cash Fund. The monetary relief provided in Paragraph 23(a), however, will be paid outside of the Cash Fund.

      c.   The Settlement Administrator shall:

         1.   Receive the California Request for Cash Payment Forms;

         2.   Assist California Postponed and Rescheduled Event Ticket Holders, as necessary, in completing and submitting California Request for Cash Payment Forms;

         3.   Provide copies of all California Request for Cash Payment Forms to Class Counsel and Defense Counsel and to Vivid Seats for verification and so that Vivid Seats may facilitate the return of valid tickets for yet-to-occur Postponed Events or Rescheduled Events;

         4.   Provide a list of accepted and rejected California Request for Cash Payment Forms to Class Counsel and Defense Counsel;

         5.   Inform Vivid Seats of the amounts of cash payments to which California Postponed and Rescheduled Event Ticket Holders are entitled; and

         6.   Send a notice of denial of a California Request for Cash Payment Form by First-Class Mail to each Settlement Class Member who submitted a California Request for Cash Payment Form that the Settlement Administrator determines not to be a valid claim.

d. The decision of the Settlement Administrator regarding whether a California Request for Cash Payment Form is valid is final and binding on the Parties and members of the Settlement Class, except that Vivid Seats shall have the right to audit the amounts of Credits or cash payments to which the Settlement Administrator determines California Postponed and Rescheduled Event Ticket Holders are entitled. The Parties and/or California Postponed and Rescheduled Event Ticket Holders also retain the right to appeal any such determination by the Settlement Administrator. In such event, the Parties agree to negotiate in good faith a resolution of any dispute regarding a decision by the Settlement Administrator, and only if the dispute cannot be resolved informally, shall the dispute be presented to and resolved by this Court.

e. The Court further orders the following injunctive relief on behalf of members of the Settlement Class in California: Vivid Seats shall revise the language of the Vivid Seats Terms of Use, Effective Date: June 7, 2021 as follows:

    i. Modification 1:

        1. Original Language: "If an event is canceled with no rescheduled date, you will receive a full refund of the purchase price (including delivery charges, less possible restocking fees), or a credit for use on a future purchase, as determined at our sole discretion (this may vary by jurisdiction )."

        2. Modified Language: "If an event is canceled with no rescheduled date, you will receive a full refund of the purchase price (including delivery charges, less possible restocking fees), or a credit for use on a future purchase, as determined at our sole discretion (this may vary by jurisdiction, including California (see California Business and Professions Code section 22507, under which Vivid Seats will facilitate a request for a refund from the ticket seller))."

    ii. Modification 2:

        1. Original Language: "If an event is postponed or rescheduled, and the original tickets are valid for entry at the time of the

11

rescheduled event, your order will not qualify for a refund or other compensation."

2. Modified Language: "If an event is postponed or rescheduled, and the original tickets are valid for entry at the time of the rescheduled event, your order will not qualify for a refund or other compensation from Vivid Seats except in jurisdictions where it is required by law, including California (see California Business and Professions Code section 22507, under which Vivid Seats will facilitate the request for a refund from the ticket seller).

iii. Modification 3:

1. Original Language: "Postponed or rescheduled events will not be refunded or otherwise compensated."

2. Modified Language: "Postponed or rescheduled events will not be refunded or otherwise compensated by Vivid Seats except in jurisdictions where it is required by law, including California (see California Business and Professions Code section 22507, under which Vivid Seats will facilitate the request for a refund from the ticket seller)."

iv. Modification 4:

1. Original Language: "For canceled events, Vivid Seats will refund the purchase price (including delivery charges, less possible restocking fees), or will issue a credit for use on a future purchase, as determined in its sole discretion (this may vary by jurisdiction). To qualify for compensation, the buyer must return their tickets to Vivid Seats within 2 weeks of notice from Vivid Seats that the event is deemed 'Cancelled.' No refunds or other compensation will be given without the original tickets, unless otherwise determined by Vivid Seats, in its sole discretion. Vivid Seats will determine when an event is canceled based upon the best information available."

2. Modified Language: "For canceled events, Vivid Seats will refund the purchase price (including delivery charges, less possible restocking fees), or will issue a credit for use on a future purchase, as determined in its sole discretion (this may vary by jurisdiction, including California (see California Business and Professions Code section 22507, under which Vivid Seats will facilitate a request for a refund from the ticket seller)). To qualify for compensation, the buyer must

12

return their tickets to Vivid Seats within 2 weeks of notice from Vivid Seats that the event is deemed 'Cancelled.' No refunds or other compensation will be given without the original tickets, unless otherwise determined by Vivid Seats, in its sole discretion. Vivid Seats will determine when an event is canceled based upon the best information available."

f. After an individual event is cancelled, postponed or rescheduled, upon request by the purchaser of ticket(s) to such an event who resided in California at the time he or she purchased the ticket(s), Vivid Seats will offer to coordinate with the ticket seller, so that a refund will be provided to such purchaser (pursuant to California Business and Professions Code Section 22507) after the valid ticket(s) has been returned.

### E. Attorneys' Fees And Expenses And Service Awards

24. The Court may "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Class Counsel requests $2,256,866 in fees. Having reviewed the motion for fees and supporting documentation and the objections to the request for fees, the Court overrules the objections to the request and finds the fee request supported and reasonable.

25. Class Counsel also seek reimbursement of $8,087 in out-of-pocket expenses advanced for the Settlement Class. Counsel submitted documentation supporting the requested costs, which showed they were appropriate expenditures on behalf of the Settlement Class and are of the type that are recoverable. The Court approves the request for reimbursement of $8,087 in advanced costs.

26. Class Counsel also request a $2,500 Service Award for each Plaintiff. When courts evaluate such awards, "relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004,

1016 (7th Cir. 1998) (approving $25,000 award).  Here, Plaintiffs initiated litigation and negotiated an arms'-length Settlement that benefits hundreds of thousands of Settlement Class Members who otherwise would not or may not receive any relief.  The Court concludes that the requested Service Awards are appropriate for each Plaintiff.

27.     For the reasons stated above, the Court approves Class Counsel's requests for Attorneys' Fees and Expenses and for Service Awards.

### F.     Exclusions From The Settlement Class

28.     The Settlement Administrator has received, from certain Settlement Class Members, Requests for Exclusion from the Settlement Class, and the Settlement Administrator has provided Class Counsel and Defense Counsel copies of those requests. A list of the Persons who have timely and properly requested to be excluded from the Settlement Class has been submitted to the Court.  *See* Opt-Out List (Dkt. 87). All Persons named in the list submitted to the Court as having filed timely Requests for Exclusions with the Settlement Administrator are excluded from the Settlement Class and will not be bound by the terms of the Settlement.  Each individual or entity that otherwise falls within the definition of the Settlement Class shall be bound by the terms of the Settlement.

### G.     Releases

29.     The Court adjudges that in consideration of the Settlement and as set forth in the Settlement Agreement, the Releasing Parties have conclusively and forever compromised, settled, dismissed and released any and all Released Claims against Vivid Seats and the Released Parties.

30.     The Court adjudges that in consideration of the Settlement and as set forth in the Settlement Agreement that the Class Counsel Releasing Parties have conclusively and forever compromised, settled, dismissed and released any and all Class Counsel Released Claims against Vivid Seats and the Released Parties.

14

31.     The Releasing Parties, the Class Counsel Releasing Parties and the Released Parties have waived and relinquished all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code and of all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertaining to their released claims.

### H.     Settlement Agreement As Exclusive Remedy For Released Claims

32.     This Settlement Agreement and the Final Order and Judgment shall be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of the Releasing Parties.  This Settlement Agreement and the Final Order and Judgment shall also be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Class Counsel Release maintained by or on behalf of the Class Counsel Releasing Parties.  As of the Effective Date, enforcement of the Settlement Agreement shall be the exclusive remedy for Plaintiffs and all Settlement Class Members who have not been excluded from the Settlement Class, all of whom are bound by all proceedings, orders and judgments in the Litigation and are permanently barred and enjoined from instituting, asserting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, any of the Released Claims against Vivid Seats or any of the Released Parties.    Members of the Settlement Class who have not been excluded from the Settlement Class and who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate dismissal of their claims.

33.     This Final Order and Judgment bars and permanently enjoins all Settlement Class Members who have not been properly excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative regulatory, arbitration or other proceeding in any jurisdiction based

on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims and (b)   organizing Settlement Class Members who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending Complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims, except that Settlement Class Members are not precluded from assisting a state, provincial or federal agency in any investigation or suit initiated by any such agency.

## I.     Effect Of This Final Order And Judgment

34.     If for any reason this judgment is reversed, vacated or materially modified on appeal (and, in the event of material modification, which shall not include any modification to an award of Attorneys' Fees and Expenses or to the Service Awards, if either party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement, survive termination of the Settlement), and the Settling Parties shall return to their positions without prejudice in any way, as provided for in the Settlement.

## J.     No Admission Of Liability

35.     The Settlement Agreement and the Settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Vivid Seats or any Released Parties or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement

provided for herein in such proceedings as may be necessary to effectuate the Settlement Agreement and the Final Order and Judgment.

36.     The Court dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein.  The Court orders the entry of, and enters, this Final Order and Judgment on all claims, counts and causes of action alleged in this Litigation by Plaintiffs, on behalf of themselves, the Settlement Class, or both.  In entering this Final Order and Judgment with the provisions stated herein and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing or applying this Final Order and Judgment implement and enforce its terms and limitations in their entirety.

37.     The Court has and retains personal jurisdiction over Plaintiffs and all Settlement Class Members and has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto.  Without affecting the finality of this Final Order and Judgment in any way, this Court reserves jurisdiction over Vivid Seats, Plaintiffs, Class Counsel and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement Agreement and Final Order and Judgment and for any other necessary purposes.

38.     The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits thereto as (a) shall be consistent in all material respects with this Final Order and Judgment and (b) do not limit the rights of the Parties or Settlement Class Members.

39.     Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that there is no reason for delay in the entry of this Final Order and Judgment as a final order and final judgment, and the Court further expressly directs the Clerk of the Court to file this Final Order and Judgment as a final order and final judgment.

**IT IS SO ORDERED** this 1st day of November, 2021.

Robert M. Dow, Jr.
United States District Judge